# EXHIBIT A

# CUMMINGS K KENNEDY
## CARTERET COUNTY ATTORNEYS

613 CEDAR STREET ▪ SUITE A ▪ BEAUFORT, NC 28516 ▪ 252.728.1208 (P)   252.624.0699 (F)
ENCATTORNEYS.COM

923723

May 24, 2021

Gary Daniel
Certain Underwriters at Lloyd's, London
c/o Peninsula Insurance Bureau
2842 Lent Road
Apopka, FL 32712

      RE:    *The Big Whale LLC DBA Killer Whale vs. Certain Underwriters at Lloyd's, London and Peninsula Insurance Bureau*

            21 CVS 1798 (Onslow County)

Dear Mr. Daniel,

Enclosed please find a copy of the *Complaint* for the above captioned matter. The original has been filed with the Onslow County Clerk of Court.

                          Sincerely,

                          CUMMINGS & KENNEDY LAW FIRM, PLLC

                          By:

                          W. Joseph Kennedy III
                          Plaintiff Attorney

                          OF COUNSEL:
                          McCLENNY MOSELEY & ASSOCIATES PLLC

Enclosures
Cc:    Heather Hall Melaas (w/encl.)

| Name Of Plaintiff | |
|---|---|
| The Big Whale LLC DBA Killer Whale | |
| Address | **CIVIL SUMMONS** |
| 1310 Hwy 210 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Sneads Ferry, NC 28460 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| Certain Underwriters at Lloyd's, London and Peninsula Insurance Bureau | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Certain Underwriters at Lloyd's London<br>c/o Peninsula Insurance Bureau<br>2842 Lent Road<br>Apopka, FL 32712 | North Carolina Insurance Underwriting Association<br>P.O. Box 8009<br>Cary, NC 27512 |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| William Joseph Kennedy III<br>Cummings & Kennedy Law Firm, PLLC<br>613 Cedar Street, Suite A Beaufort, NC 28516 | 5/21/21 | 11:32 ☒ AM ☐ PM |
| | Signature *Nicole Tregarthen* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☒ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
COUNTY OF ONSLOW               SUPERIOR COURT DIVISION
                               21 CVS 1798

THE BIG WHALE, LLC DBA KILLER  )
WHALE,                         )
                               )
        *Plaintiff,*           )
                               )
v.                             )    **COMPLAINT**
                               )    (Jury Trial Demanded)
                               )
CERTAIN UNDERWRITERS AT        )
LLOYDS, LONDON and PENINSULA   )
INSURANCE BUREAU,              )
                               )
        *Defendant.*

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, The Big Whale, LLC dba Killer Whale, (hereinafter referred to as "The Big Whale" or "Plaintiff"), and complaining of Certain Underwriters At Lloyds, London and Peninsula Insurance Bureau alleges and says as follows:

### INTRODUCTION

1. This lawsuit involves a first party insurance coverage dispute arising from property damage and losses Plaintiff sustained when Hurricane Florence struck Atlantic Beach, North Carolina in September of 2018. All premiums were paid for the May 15, 2018 through May 15, 2019 term of the policy by Plaintiff.

2. Plaintiff submitted an insurance claim seeking to recover for these storm-related damages under an insurance policy issued by Certain Underwriters At Lloyds, London and adjusted by Peninsula Insurance Bureau. Certain Underwriters At Lloyds, London has not paid the claim in its entirety in violation of its policy obligations and applicable law.

3. Defendant Peninsula Insurance Bureau was responsible for the handling and investigation of Plaintiff's insurance claim which was submitted under the Certain Underwriters At Lloyds, London insurance policy.

**PARTIES**

4. Plaintiff is a North Carolina limited liability duly authorized and doing business under the laws of the State of North Carolina, with a principal place of business in the county of Onslow, North Carolina.

5. Upon information and belief, Defendant Certain Underwriters At Lloyds, London (hereinafter sometimes referred to as "Certain Underwriters") is a foreign pool of insurance companies engaging in the business of insurance in the State of North Carolina. All reference made herein to the term "Certain Underwriters" shall refer not only to Defendant Certain Underwriters At Lloyds, London, but shall also include its respective employees, agents, servants, contractors, subcontractors, and, if applicable, their successor and predecessor corporations, partnerships or companies, subsidiaries, divisions and assigns, in all respects, those persons acting at the direction of, on behalf of, or at the request of Certain Underwriters.

6. Upon information and belief, Defendant Peninsula Insurance Bureau (hereinafter sometimes referred to as "Peninsula") is a foreign corporation incorporated under the laws of the State of Florida, with its principal office and place of business located at 6065 NW 167 Street, Suite B1, Miami, Florida 33015. Upon information and belief, Peninsula has been and is doing business in the State of North Carolina and is subject to the personal jurisdiction of this Court. All reference made herein to the term "Peninsula" shall refer not only to Defendant Peninsula Insurance Bureau, but shall also include its respective employees, agents, servants, contractors, subcontractors, and, if applicable, their successor and predecessor corporations, partnerships

or companies, subsidiaries, divisions and assigns, in all respects, those persons acting at the direction of, on behalf of, or at the request of Peninsula.

7. Upon information and belief, Defendants are licensed under Chapter 58 of the North Carolina General Statutes to transact business in North Carolina, are authorized to conduct business in North Carolina, and actually do business in North Carolina.

8. Pursuant to N.C. *Gen.* Stat. § 58-16-30 and other applicable North Carolina law, Defendants will be served with legal process by service upon their registered agents in North Carolina and/or upon the North Carolina Insurance Commissioner.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this cause of action because the amount in controversy exceeds $25,000, and pursuant to N.C. Gen. Stat. § 7A-243, this Court has jurisdiction over the subject matter of this action.

10. The Court has personal jurisdiction over Defendants Certain Underwriters At Lloyds, London and Peninsula Insurance Bureau because this action arises out of a contract of insurance that covers property located in North Carolina, because the event out of which the claims arose occurred within North Carolina, and because the property affected by the event out of which the claims arose is also located in North Carolina. Defendants have minimum contacts within the State of North Carolina and, upon information and belief, issues insurance policies to individuals and/or companies that are located in, and transact business in, and own and operate property in North Carolina and/or adjusts and investigates insurance claims made by insureds.

11. Venue is proper in this Court pursuant to N.C. Gen. Stat. §§ 1-80 and/or 1-82.

## FACTUAL BACKGROUND

12. Plaintiff purchased an insurance policy from Defendant Certain Underwriters At Lloyds, London, (hereinafter referred to as "the Policy"), which was in effect at the time of loss. The Policy, which was designated as policy no. HLC1400427, had effective dates of May 15, 2018 through May 15, 2019.

13. The Policy was purchased to insure Plaintiff's property, both the structures and personal property/contents, (hereinafter referred to as "the Property"), which is located at 1310 State Hwy 210, Sneads Ferry, NC 28460.

14. Defendant Certain Underwriters At Lloyds, London and/or its agent sold the Policy insuring the Property to Plaintiff.

15. On or about September 14, 2018, Plaintiff experienced a severe weather event, Hurricane Florence, which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Certain Underwriters At Lloyds, London. Plaintiff subsequently filed a claim and Defendant Certain Underwriters At Lloyds, London assigned and/or authorized Defendant Peninsula and its representatives to adjust the claim, on behalf of Certain Underwriters, under claim no. 923773.

16. Thereafter, Defendant Certain Underwriters At Lloyds, London wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

17. Defendants made numerous errors in estimating the value of Plaintiff's claim, as exhibited by their assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendants' assigned adjuster failed to fully quantify Plaintiff's covered losses, thus

demonstrating that Defendants' assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

18. Specifically, Defendants, independently and through their assigned adjusters, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendants' assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition.

19. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

20. Defendant Peninsula's assigned adjuster acted as an authorized agent of both Defendant Certain Underwriters At Lloyds, London and Defendant Peninsula. Defendants' assigned adjuster acted within the course and scope of their authority as authorized by Certain Underwriters At Lloyds, London and Peninsula. Plaintiff detrimentally relied upon Defendants and Defendants' assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

21. Defendant Certain Underwriters At Lloyds, London failed to perform its contractual duties under the policy to adequately compensate Plaintiff under the terms of the Policy. Specifically, Certain Underwriters refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

22. Defendant Certain Underwriters and/or Defendant Certain Underwriters' assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Certain Underwriters and/or Certain Underwriters' assigned agent, Plaintiff filed a claim under the

Policy with the belief that the Property would be covered after a severe weather event – such as the one that damaged the Property.

23. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

24. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## CLAIMS FOR RELIEF

### First Claim for Relief – Breach of Contract

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. Plaintiff and Defendant Certain Underwriters are parties to the insurance policy described above. This policy is a valid, enforceable agreement by which Defendant Certain Underwriters agreed to assume obligations and confer benefits to Plaintiff as described herein.

27. The Policy obligates Defendant Certain Underwriters to provide coverage for windstorm or hail.

28. Each of the provisions of the policy regarding coverage for windstorm or hail were for Plaintiff's benefit and obligated the Defendant Certain Underwriters to pay The Big Whale's insurance claim.

29. Defendant Certain Underwriters denies that it has an obligation to pay the insurance claim in its entirety and has refused to adjust or settle the claim, thereby breaching its obligations under the Policy and under North Carolina law.

30. Because Defendant Certain Underwriters has not paid according to the Policy's terms, Plaintiff has been forced to bear the costs of the damage caused by Hurricane Florence in excess of $800,000.00.

31. Plaintiff has complied with all conditions and obligations under the Policy regarding its right to receive payment of its insurance claim from Defendant Certain Underwriters. Defendant Certain Underwriters' wrongful failure and refusal to pay the insurance claim constitutes a breach of contract and has caused Plaintiff to expend its monies both to bear the costs of the damage caused by the hurricane and to bring this action.

32. As a direct result of the Defendant Certain Underwriters' breach of contract, Plaintiff has been damaged in an amount greater than $25,000 to be determined at trial.

## Second Cause of Action – Breach of the Covenant of Good Faith and Fair Dealing

33. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

34. As set forth herein, Defendant Certain Underwriters is obligated to pay Plaintiff's insurance claim under the terms of the Policy.

35. Defendant Certain Underwriters' obligations are not discretionary.

36. To the extent that Defendant Certain Underwriters argues or contends that it could exercise discretion in regard to its obligations, however, it has a duty of good faith and fair dealing not to take actions that deny Plaintiff the ability to receive the benefits to which it is entitled to under the Policy.

37. Defendant Certain Underwriters has a duty to perform its obligations under the Policy that, according to reason and justice, it should do in order to carry out the purpose for which the Policy was entered into.

38. Defendant Certain Underwriters and Defendant Peninsula, at the direction and on behalf of Certain Underwriters, have not acted reasonably, in good faith, or in a manner consistent with fair play.

39. Defendant Certain Underwriters and Defendant Peninsula have acted in bad faith by failing and refusing to adjust or settle the insurance claim, performing a substandard adjustment and investigation of the insurance claim, refusing to inform The Big Whale of the bases for their refusal to adjust or settle the insurance claim, and taking untenable positions regarding construction of the Policy.

40. Defendants' actions are designed to avoid payment of Plaintiff's insurance claim.

41. Defendants' actions are injuring and interfering with Plaintiff's right to receive the benefit of the Policy, namely payment of Plaintiff's insurance claim.

42. Defendants' breaches of the implied covenant of good faith and fair dealing have caused and will continue to cause damage to Plaintiff.

43. Plaintiff has already suffered cognizable damages as a result of Defendants' breaches of the implied covenant of good faith and fair dealing and is entitled thereto as well as its attorney's fees incurred in relation to this action.

## Third Cause of Action – Violation of N.C.G.S. Chapter 75

44. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

45. Defendant Certain Underwriters and Defendant Peninsula's actions in connection with this matter violate N.C.G.S. Chapter 75 due to, *inter alia*, violations of N.C. Gen. Stat. §§ 58-63-10 and 58-63-15, each of which constitutes an unfair method of competition or unfair or deceptive act or practice (the "Unfair Trade Practices").

46. Defendants' Unfair Trade Practices include, but are not limited to:

    A. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue in that, *inter alia*, Defendants contend that the wind/hail policy provisions do not cover the wind damages sustained to Plaintiff's property that were caused by the hurricane;

    B. Even though Defendant Certain Underwriters' obligations to pay Plaintiff's insurance claim are reasonably clear, it has not, in good faith, attempted to effectuate a prompt, fair and equitable resolution or settlement of Plaintiff's insurance claim;

    C. Defendant Certain Underwriters and Defendant Peninsula attempted to resolve Plaintiff's insurance claim under the Policy for far less than the amount a reasonable person would believe Plaintiff is entitled to under the circumstances;

    D. Defendants compelled Plaintiff to initiate this lawsuit to recover the amounts due to Plaintiff under the Policy by offering substantially less than the amounts Plaintiff will ultimately recover from this lawsuit;

    E. Defendants failed to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromised settlement;

    F. Defendants otherwise engaged in unfair methods of competition or unfair or deceptive acts or practices in this matter;

    G. Such acts were in and affecting commerce; and,

    H. Such acts were the direct and proximate cause of damages to Plaintiff.

47. As a direct, foreseeable, and proximate result of the Defendants' Unfair Trade Practices, Plaintiff is entitled to recover its damages, including those set forth in N.C.G.S. Chapter 75, in an amount to be determined at trial to include the treble the amount fixed by the verdict.

## Fourth Cause of Action – Bad Faith Denial and Handling of the Insurance Claim

48. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

49. Although the damages to Plaintiff as a result of Hurricane Florence, and submitted as a part of the insurance claim, are covered under the Policy, Defendant Certain Underwriters wrongfully refused and continues to refuse to pay Plaintiff's insurance claim in full.

50. Defendant Certain Underwriters and Defendant Peninsula acted unreasonably and with wrongful intent, withheld and continue to withhold payment of all of the Plaintiff's insurance claim despite Plaintiff's full compliance with all requirements of the Policy.

51. Upon information and belief, Defendant Certain Underwriters did not base its decision to withhold payment under the Policy on a legitimate or honest disagreement as to the validity of the insurance claim.

52. Defendants Certain Underwriters and Peninsula failed to use reasonable care in the exercise of their relationship with Plaintiff and/or the handling of Plaintiff's insurance claim.

53. Defendant Certain Underwriters did not act as a reasonable insurer would have acted under the same or similar set of facts and circumstances.

54. Defendant Peninsula did not act as a reasonable adjuster would have acted under the same or similar set of facts and circumstances.

55. Defendants' actions in failing to fully pay Plaintiff's insurance claim were without justification or excuse, grossly negligent, oppressive, and/or taken in bad faith to further the Defendants'

own improper objectives and with disregard for the interests of Plaintiff, to the prejudice and detriment of Plaintiff, in violation of applicable law.

56. As a direct and proximate result of the egregiously wrongful conduct of Defendants, Plaintiff is entitled to recover compensatory damages and, in addition to compensatory damages, punitive damages as set forth in N.C. Gen. Stat. §§ 1D-1 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court award the following relief:

1. Judgment declaring that the Defendants, as a matter of law, must pay Plaintiff's insurance claim in its entirety;
2. An award of compensatory, incidental, consequential, treble, and/or punitive damages and an award of pre- and post-judgment interest, attorney's fees, expenses, and costs against the Defendants;
3. A jury trial on all issues so triable; and,
4. Such other and further relief as the Court deems just and proper.

This the 28th day of April, 2021.

Respectfully submitted,

/s/ *William J. Kennedy*
WILLIAM JOSEPH KENNEDY III
North Carolina Bar No. 35372
CUMMINGS & KENNEDY LAW FIRM, PLLC
613 CEDAR ST, SUITE A
BEAUFORT, NC 28516
(252) 728-1208
(252) 624-0699 (fax)
jkennedy@cncattorneys.com

OF COUNSEL:
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
Heather Hall Melaas *[pending pro hac vice admission]*
Texas State Bar No. 24089909
516 Heights Blvd
Houston, Texas 77007
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
Heather@mma-pllc.com
Calsie@mma-pllc.com

**ATTORNEYS FOR PLAINTIFF**